UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| REBECCA HILL, | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | 3:16-cv-1657 (____) |
| v. | : | |
| | : | |
| CNC SOFTWARE, INC., | : | |
| | : | |
| Defendant. | : | October 4, 2016 |

## COMPLAINT

### I. INTRODUCTION

1. Rebecca Hill was terminated by her former employer, CNC Software, Inc., in October 2015 because she complained about sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a); and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-60(a)(4).

### II. JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the asserted claims occurred herein.

4. This Court has supplemental jurisdiction over the plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as the federal law claims.

### III. PARTIES

5. The plaintiff, Rebecca Hill, resides in Tolland, Connecticut.

6. The defendant, CNC Software, Inc., is a corporation incorporated under the laws of Connecticut and with its principal place of business in Tolland, Connecticut.

7. CNC employs 15 or more employees in Connecticut.

8. At all relevant times mentioned herein, CNC was Ms. Hill's employer within the meaning of Title VII, 42 U.S.C. § 2000e; and the CFEPA, Conn. Gen. Stat. § 46a-51.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. The plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO) alleging retaliation. The complaint was dual filed with the federal Equal Employment Opportunity Commission (EEOC).

10. The CHRO/EEOC complaint was filed in a timely manner insofar as it was filed within 180 days of the date that the plaintiff received notice of her termination.

11. The plaintiff received a Right to Sue letter from the EEOC, dated September 26, 2016.

12. The plaintiff received a Release of Jurisdiction from the CHRO, dated September 30, 2016.

13. The plaintiff has filed this Complaint within 90 days of her receipt of the EEOC Right to Sue letter and the CHRO Release of Jurisdiction.

V.  **STATEMENT OF FACTS**

A.  **Rebecca Hill Joins CNC.**

14. Rebecca Hill joined CNC as its Strategic Marketing Manager on or about September 17, 2014.

15. Ms. Hill was told that she was hired in order to improve CNC's strategic and long-term thinking about how it marketed its products.

16. At all times, Ms. Hill's job performance at CNC was satisfactory or better.

B.  **Ms. Hill Complains About Sex Discrimination.**

17. In her role as Strategic Marketing Manager, Ms. Hill reported directly to CNC Vice President Brian Summers.

18. Mr. Summers had approximately six direct reports.

19. Ms. Hill was the only one of those direct reports who was both female and had employees who reported to her.

20. In or about September 2015, Ms. Hill came to believe that Mr. Summers treated her differently than the males who reported directly to him.

21. Specifically, she was the only one of Mr. Summers' direct reports who was required to invite him to the meetings she held with her staff.

22. She was also the only one of Mr. Summers' direct reports who had weekly one-on-one meetings with Mr. Summers.

23. Ms. Hill believed that Mr. Summers treated her differently because she is a woman.

24. In late September 2015, Ms. Hill approached CNC's Director of Human Resources, Tara Lentini, about her concerns.

25. Ms. Hill told Ms. Lentini about the ways that Mr. Summers treated her differently, and she asked Ms. Lentini: "Is it because I'm a woman?"

26. Ms. Lentini responded that it was Ms. Hill's "turn" and that she had previously been micromanaged by Mr. Summers.

27. Upon information and belief, neither Ms. Lentini nor anyone else at CNC ever investigated Ms. Hill's complaint of sex discrimination.

### C. Ms. Hill Elevates Her Complaint to Her Boss and Is Terminated Shortly Thereafter.

28. Prior to October 15, 2015, Ms. Hill never received any indication from anyone in management at CNC that she was not performing her job satisfactorily.

29. On Thursday, October 15, 2015, Ms. Hill confronted Mr. Summers about her concerns that he was treating her differently because of her sex.

30. When she asked Mr. Summers if he treated her differently because she is a woman, he responded that CNC had received numerous complaints about Ms. Hill.

31. This was the first time Ms. Hill had heard or learned that CNC was purportedly dissatisfied with her job performance.

32. Mr. Summers told Ms. Hill to take the rest of the day and the following day (Friday) off. He told her to return on Monday to talk about whether she wanted to continue working at CNC.

33. On Monday, October 19, 2015, Ms. Hill went to CNC prepared to apologize for her complaint and to emphasize her commitment to CNC.

34. When she met with Mr. Summers that morning, Ms. Lentini was with him.

35. Before Ms. Hill could say anything, Mr. Summers told her that her employment was terminated, effective immediately.

36. The reason Mr. Summers gave Ms. Hill for her termination is that she was "not a good fit."

37. Ms. Hill was replaced by Graham Hargreaves, a male.

38. Upon information and belief, Mr. Hargreaves had not previously complained to CNC about sex discrimination or opposed sex discrimination.

## VI. LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF:
### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
### 42 U.S.C. § 2000e-3

39. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 38, above.

40. The defendant terminated the plaintiff because the plaintiff opposed a practice made unlawful by Title VII.

41. As a result of the defendant's unlawful conduct, the plaintiff has suffered and will continue to suffer economic harm.

### SECOND CLAIM FOR RELIEF:
### RETALIATION IN VIOLATION OF
### THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,
### CONN. GEN. STAT. § 46A-60(A)(4)

42. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 38, above.

43. The plaintiff's opposition to a discriminatory employment practice was a motivating factor in the defendant's decision to terminate the plaintiff's employment.

44. As a result of the defendant's unlawful conduct, the plaintiff has suffered and will continue to suffer economic harm.

### THIRD CLAIM FOR RELIEF:
### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
### 42 U.S.C. § 2000e-3 – PUNITIVE DAMAGES

45. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 38, above.

46. The defendant terminated the plaintiff because the plaintiff opposed a practice made unlawful by Title VII.

47. The defendant's unlawful conduct was committed willfully or with reckless disregard for the plaintiff's right to be free from retaliation.

48. As a result of the defendant's unlawful conduct, the plaintiff has suffered and will continue to suffer economic harm.

### FOURTH CLAIM FOR RELIEF:
### RETALIATION IN VIOLATION OF
### THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,
### CONN. GEN. STAT. § 46A-60(A)(4) – PUNITIVE DAMAGES

49. The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 38, above.

50. The plaintiff's opposition to a discriminatory employment practice was a motivating factor in the defendant's decision to terminate the plaintiff's employment.

51. The defendant's unlawful conduct was committed willfully or with reckless disregard for the plaintiff's right to be free from retaliation.

52. As a result of the defendant's unlawful conduct, the plaintiff has suffered and will continue to suffer economic harm.

\* \* \*

WHEREFORE, the Plaintiff respectfully prays that this Court award the following damages:

    a.    Back pay damages, pursuant to federal and Connecticut law;

    b.    Front pay damages, pursuant to federal and Connecticut law;

    c.    Punitive damages, pursuant to federal law;

    d.    Punitive damages, pursuant to Connecticut law;

    e.    Attorneys' fees and costs, pursuant to federal and Connecticut law; and

    f.    Any other remedy that may appear to be just and proper.

**RESPECTFULLY SUBMITTED,**
**THE PLAINTIFF**

By: */s/ Joshua R. Goodbaum*
Joshua R. Goodbaum (*ct28834*)
GARRISON, LEVIN-EPSTEIN, FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, Connecticut 06511
Tel.: (203) 777-4425
Fax: (203) 776-3965
jgoodbaum@garrisonlaw.com

**Please enter my appearance on behalf of the Plaintiff in this matter.**